O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HUA HSI LUU, | ) | Case No. EDCV 07-892 RNB |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REVERSING DECISION OF |
| vs. | ) | COMMISSIONER, AND REMANDING |
| | ) | FOR FURTHER ADMINISTRATIVE |
| MICHAEL J. ASTRUE, | ) | PROCEEDINGS |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed a Complaint herein on July 27, 2007, seeking review of the Commissioner's denial of her application for Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on March 31, 2008. Thus, this matter now is ready for decision.[1]

//

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case will be made on the basis of the pleadings, the administrative record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered the treating physician's opinion of disability.

2. Whether the ALJ properly considered the treating clinician's clinical assessment.

3. Whether the ALJ posed a complete hypothetical question to the vocational expert.

**DISCUSSION**

As to the first disputed issue, the Court concurs with plaintiff that the ALJ failed to properly consider the opinions of plaintiff's treating physician, Dr. Villar, as reflected in Dr. Villar's October 19, 2004 evaluation of the severity of plaintiff's mental impairment. (See AR 319-20). Although the Commissioner points to evidence in the record that the Commissioner maintains supported the rejection of the opinions contained in Dr. Villar's evaluation report, the Court can only consider the reasons actually given by the ALJ. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Secretary of Health & Human Services, 933 F.2d 735, 738 (9th Cir. 1991).

Here, the ALJ gave just two reasons for rejecting Dr. Villar's opinions. First, the ALJ stated that "it [was] not clear from the report whether or not the findings were believed to have lasted for twelve months or expected to do so." (See AR 266). However, as plaintiff points out, Dr. Villar did indicate in his report that plaintiff's condition had lasted or was expected to last at least 12 months. (See AR 320). Accordingly, the first reason given by the ALJ can hardly be said to constitute a "specific and legitimate" reason for rejecting Dr. Villar's opinions. See, e.g., Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("A treating physician's opinion on

disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record."); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). Second, the ALJ stated that "it is not clear at all that the findings as of October 19, 2006 [sic] remained valid since the claimant reported her medication was helping her in October 2006 and November 2006." (See AR 266). Although the ALJ indicated that he drew an adverse inference in this regard from plaintiff's failure to update the treating source records following the failure of the consultative psychiatric examination, the Court concurs with plaintiff that if the ALJ truly was concerned about whether Dr. Villar's opinions remained valid, then it was incumbent on the ALJ to recontact Dr. Villar. See 40 C.F.R. § 416.912(e); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). The Court therefore finds that the other reason given by the ALJ for rejecting Dr. Villar's opinions also does not qualify as a "specific and legitimate" reason.

     As to the second disputed issue, the Court concurs with plaintiff that the ALJ failed to properly consider the observations and findings reflected in Ms. Rosas's August 23, 2006 clinical assessment report(s). (See AR 306-07, 310-11). The Commissioner does not dispute that Ms. Rosas's observations and findings constituted competent evidence to show the severity of plaintiff's mental impairment that the ALJ was required to consider. See 20 C.F.R. § 416.913(d). The Court finds that it therefore was incumbent on the ALJ to state specific reasons germane to Ms. Rosas's observations and findings before disregarding this evidence. See, e.g., Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). Merely referencing Ms. Rosas's observations and findings without stating any reasons for disregarding that evidence, as the ALJ did here, does not suffice.

     As to the third disputed issue, it follows from the Court's conclusions with respect to the first and second disputed issues that the Court is unable to affirm the

1 ALJ's vocational determination.

2      With respect to the issue of the appropriate relief, the law is well established that remand for further proceedings is appropriate where additional proceedings could remedy the defects in the Commissioner's decision. See <u>Kail v. Heckler</u>, 722 F.2d 1496, 1497 (9th Cir. 1984). Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.

DATED: April 14, 2008

/s/ Robert N. Block
_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE